**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CITY OF ORLANDO,

      Plaintiff,

v.                                  Case No:  6:16-cv-1169-Orl-40DAB

THE ASSOCIATED PRESS and THE
UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendants.

---

**<u>ORDER</u>**

This cause comes before the Court on The Associated Press's Motion to Remand with Supporting Memorandum of Law (Doc. 6), filed June 29, 2016. The City of Orlando and the United States Department of Justice responded in opposition on July 13, 2016, (Docs. 16, 17), and The Associated Press replied on July 15, 2016, (Doc. 20). On August 18, 2016, the Court held a hearing, and the parties presented supplemental argument. Having considered the record and the argument of counsel, The News Media's Motion to Remand will be granted.

**I.**     **BACKGROUND**

This case arises from the tragic mass shooting that took place at Pulse nightclub in Orlando, Florida on June 12, 2016. On June 23, 2016, in the aftermath of these horrific events, a coalition of state and national news media filed an action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida seeking access to recordings of certain telephone calls placed to emergency personnel, including telephone calls allegedly made to law enforcement personnel by the perpetrator. (Doc. 5-1, Ex. A). On

the same day, the City of Orlando (the "City") filed an action seeking a declaratory judgment against The Associated Press.[1] (*Id.* at Ex. C). On June 24, 2016, the state court determined that the two lawsuits involved the same facts and issues, consolidated the cases for joint resolution, and named the City's lawsuit as the lead case because it had been assigned the lower case number by the clerk of court.[2] (Doc. 1-2, pp. 15–18). The City thereafter amended its complaint on June 27, 2016 to add the United States Department of Justice ("DOJ") as a defendant. (Doc. 2). In its lawsuit, the City seeks clarification of its obligations under Florida's public records laws. The City contends that it finds itself in the difficult position of desiring to comply with Florida's public records laws while maintaining the integrity of the ongoing criminal investigation into the Pulse nightclub shooting and that it owes a duty not to disclose photographs, video, or audio recordings which depict or record the killing of a person. *See* Fla. Stat. §§ 119.071(2)(c)(1), 406.136(2). Further, the City represents that the DOJ has requested that it not produce any photo, video, or audio recordings in its possession until it has completed its investigation. Having been named as a defendant, the DOJ removed the case to this Court on June 28, 2016 pursuant to 28 U.S.C. § 1442(a)(1).

After removal, the DOJ answered the City's amended complaint and filed a counterclaim against the City. (Doc. 22). The DOJ avers that the Orlando Police Department is a participating agency in the Federal Bureau of Investigations' Joint

---

[1]   The City did not name any other individual or entity in its original state court complaint.

[2]   The Associated Press disputes the propriety of the state court assigning the City's case the lower case number because it contends that it filed its lawsuit first. For this reason, the Associated Press has also filed a motion to dismiss the City's complaint. (Doc. 5). This Court need not reach the issue, however, in order to resolve the instant motion to remand.

Terrorism Task Force ("JTTF"), such that JTTF's investigative records include the 911 and other emergency recordings relating to the Pulse shooting. (*Id.* ¶¶ 1–6). The DOJ argues that Florida's public records laws—namely, section 119.07(1)(a), Florida Statutes—do not apply to the federal government or to federal records, thus precluding the City from producing those records. (*Id.* ¶ 7). The Associated Press now moves to remand this case to state court.

## II.    ISSUES PRESENTED

The Associated Press makes a number of arguments in support of remand, only two of which the Court need address in this Order: (1) whether the DOJ is permitted to remove this case under § 1442(a)(1), and (2) whether this Court has subject matter jurisdiction. The Court will also discuss a third question on its own initiative: (3) whether the Court may exercise ancillary jurisdiction over the DOJ's counterclaim.

## III.    DISCUSSION

### A.    Whether Removal Was Proper

"[I]t is axiomatic that removal statutes, which confer jurisdiction on the federal district courts, must be strictly construed." *Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 1854123, at *2 (M.D. Fla. May 10, 2010).  It is the removing party's burden to prove that removal is proper, and any doubts concerning the propriety of removal must be resolved in favor of remand to state court. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1291–92 (M.D. Fla. 2003).

The DOJ premises removal of this case on 28 U.S.C. § 1442, which provides, in pertinent part, as follows:

> (a)  A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the

following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

As explained by the Sixth Circuit Court of Appeals in *City of Cookeville v. Upper Cumberland Electric Membership Corp.*, 484 F.3d 380, 389–90 (6th Cir. 2007), a federal agency sued in state court has an absolute right to remove to federal court. In other words, a federal agency has the right to remove simply by virtue of being named as a defendant in a state court lawsuit.

The Associated Press contends that the DOJ improperly removed the City's declaratory judgment action because the DOJ has not waived its sovereign immunity and, as a result, could never be sued by the City in state court. The Associated Press therefore concludes that, since the state court never had subject matter jurisdiction over the City's claim against the DOJ, the DOJ could never exercise the ability to remove. This argument skips a step however. It may be true, as discussed later in this Order, that the DOJ is immune from suit and that the state court never had subject matter jurisdiction over the City's claim against it. Notwithstanding, the fact that the City sued the DOJ does not deprive the DOJ of its right to remove the lawsuit to federal court where it can then assert its sovereign immunity and any other defense it may have. *See City of Jacksonville v. Dep't of the Navy*, 348 F.3d 1307, 1310–11 (11th Cir. 2003) ("Congress' purpose [in enacting § 1442] was clearly to provide a federal forum for the sovereign immunity

issue . . . ."). The DOJ's removal is consequently not improper simply because it is immune from suit.

The Associated Press also argues that the DOJ improperly removed the case because the City fails to state a claim against or seek relief from the DOJ. The Associated Press contends that having been named a party defendant—perhaps incorrectly so—the DOJ is incapable of exercising its right to have the issue of sovereign immunity decided by the federal court. Again, The Associate Press skips a step. It is irrelevant when analyzing removal from state court whether the claim which forms the basis of removal is a valid claim. The fact that the DOJ has been named as a defendant in a lawsuit grants it the right to remove under § 1442(a)(1). *See City of Cookeville*, 484 F.3d at 389–90. As discussed above, Congress clearly intended to provide a federal forum for a federal agency like the DOJ to assert defenses, including sovereign immunity. In a similar vein, the mere fact that the DOJ could have moved to dismiss the City's declaratory judgment claim in the state court does not foreclose its right to have a federal court evaluate that defense upon removal. The Court therefore finds that the DOJ properly removed the City's lawsuit to federal court through § 1442(a)(1).

### B.    Whether This Court Has Subject Matter Jurisdiction

Having determined that removal was proper, the Court must now analyze whether it has subject matter jurisdiction over the City's declaratory judgment claim against the DOJ. District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). There is no dispute that the DOJ, as a federal governmental

agency, enjoys sovereign immunity from suit and that, unless it waives sovereign immunity, this Court lacks subject matter jurisdiction over any claim against it. *See Wallace v. Holder*, 846 F. Supp. 2d 1245, 1249–50 (N.D. Ala. 2012). A waiver of sovereign immunity cannot be implied, but must be "unequivocally expressed" by an Act of Congress. *United States v. Testan*, 424 U.S. 392, 399 (1976). Accordingly, "in the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions." *Wallace*, 846 F. Supp. 2d at 1250 (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

The DOJ suggested neither in its briefing nor at oral argument that the it has waived sovereign immunity from the action brought by the City. Indeed, the DOJ premises its removal of this case in part because it enjoys sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over the City's declaratory judgment claim against the DOJ, and that claim must be dismissed.

### C. Whether the Court Has Ancillary Jurisdiction Over the DOJ's Counterclaim

Finally, it is well-established that a district court may exercise ancillary jurisdiction over a compulsory counterclaim made under Federal Rule of Civil Procedure 13(a), since the counterclaim necessarily arises out of the same transaction or occurrence as the original claim. *Revere Copper & Brass, Inc. v. The Aetna Cas. & Sur. Co.*, 426 F.2d 709, 712 (5th Cir. 1970).[3] Here, after removal, the DOJ asserted a counterclaim against the City seeking a declaration of its rights relative to Florida's public records laws regarding

---

[3]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

the 911 calls and records which remain the subject of the DOJ's criminal investigation. Since the DOJ's counterclaim arises out of the same occurrences as the City's claims, it is a compulsory counterclaim over which this Court may conceivably exercise ancillary jurisdiction. However, such ancillary jurisdiction is only permissible where the district court validly acquired subject matter jurisdiction over the removed action. *Id.* Because the DOJ, by way of its sovereign immunity, was improperly named as a defendant in the state court action, this Court had no basis to exercise subject matter jurisdiction over this case at the time of its removal. *See Burns v. Windsor Ins.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (observing that federal courts must have subject matter jurisdiction at the time of removal). Accordingly, the Court will not exercise ancillary jurisdiction over the DOJ's compulsory counterclaim.

## IV.    CONCLUSION

The removal of the state court action by the DOJ was proper under 28 U.S.C. § 1442(a)(1). Nevertheless, the DOJ cannot be sued absent a waiver of sovereign immunity, regardless of the apparent commonality of interest held by the City and the DOJ in protecting certain records and recordings from disclosure. As a result, this Court lacks subject matter jurisdiction over the City's declaratory judgment claim against the DOJ. Since ancillary jurisdiction over the DOJ's compulsory counterclaim is dependent upon the Court having jurisdiction over the main action, and because that is not the case here, the Court lacks ancillary jurisdiction over the counterclaim as well. There being no other basis for the Court to exercise subject matter jurisdiction over the remaining claims,

this case must be remanded to the state court. The Court will not award attorney's fees and costs to The Associated Press.[4]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The City of Orlando's declaratory judgment claim against the United States Department of Justice is **DISMISSED** for lack of subject matter jurisdiction.

2.  The Associated Press's Motion to Remand (Doc. 6) is **GRANTED**.

3.  This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4.  The Associated Press's request for attorney's fees and costs is **DENIED**.

5.  The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

6.  The Clerk of Court is further **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Orlando, Florida on August 25, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

[4]  Title 28 U.S.C. § 1447(c) permits a district court to award attorney's fees and costs incurred due to removal. However, such fees and costs should only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006). Because the Court finds that the DOJ properly removed this action pursuant to 28 U.S.C. § 1442(a)(1), The Associated Press is precluded from an award of attorney's fees and costs.